UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ROBERT KIDERLEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case no. 4:16cv774 PLC |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to dismiss Plaintiff's complaint (ECF No. 12) and Plaintiff's motion to file his complaint out of time (ECF No. 14). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, Defendant's motion to dismiss (ECF No. 12) is granted and Plaintiff's motion to file his complaint of time (ECF No. 14) is denied.

### I. *Background*

On February 6, 2013, Plaintiff protectively filed applications for Disability Insurance Benefits and Social Security Income under Titles II and XVI of the Social Security Act alleging that he was disabled as of March 15, 2012. (ECF No. 12). The Social Security Administration (SSA) denied Plaintiff's claims, and he filed a timely request for a hearing before an administrative law judge. (Id.). Following a hearing, the ALJ issued a decision on February 11, 2015 denying Plaintiff's applications for benefits. (Id.).

Plaintiff filed a request for review of the ALJ's decision with the SSA Appeals Council, which the Appeals Council denied. (ECF No. 12). By notice dated March 24, 2016, the Appeals Council informed Plaintiff of its action and advised that he had sixty days from receipt of the

notice to seek judicial review by filing a complaint in the United States District Court.  (Id.).  The notice stated:  "The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."  (Id.).  The notice further provided that, if Plaintiff could not file a civil action within sixty days, "you may ask the Appeals Council to extend your time to file" and "provide good reason for waiting more than 60 days[.]"  Id.

Plaintiff filed his complaint on June 1, 2016.  (ECF No. 1).  In response, Defendant filed a motion to dismiss the complaint for failure to state a claim.  (ECF No. 12).  More specifically, Defendant asserted that Plaintiff failed to state a claim upon which relief can be granted because he did not file the complaint within sixty days of his presumptive receipt of the Appeals Council's March 24, 2016 notice.[1]  (ECF No. 12).

Plaintiff filed a response to Defendant's motion to dismiss, in which he stated that the deadline for appealing the Appeals Council's decision was May 28, 2016 and that he filed his complaint four days after the deadline.  (ECF No. 13).  Plaintiff further acknowledged that he did not request additional time from the Appeals Council to file the complaint, but alleged that his "late filing was a result of excusable neglect."  (Id.).

Plaintiff also filed a motion to file his complaint out of time.  (ECF No. 14).  Plaintiff urged the Court to extend the time to file pursuant to Fed. R. Civ. P. 6(b)(1)(B) because Plaintiff's untimely filing was the result of excusable neglect.  (Id.).  Plaintiff explained that he contacted his counsel's office on April 1, 2016 and advised counsel's assistant that the Appeals Council had denied his request for review.  (Id.).  Plaintiff alleged that counsel's assistant mistakenly calculated the filing deadline from the date of the phone call rather than the date of

---

[1] In support of her motion to dismiss, Defendant filed the sworn declaration of an SSA official demonstrating that Plaintiff filed the complaint initiating this action outside the allowable period.

the March 24, 2016 notice. (Id.). Plaintiff urges the Court to "find that Plaintiff's untimely filing of his Complaint was excusable neglect" and allow Plaintiff to file his complaint out of time. (Id.).

## II. *Discussion*

"The Social Security Act establishes a mechanism for judicial review of final administrative decisions." Bess v. Barnhart, 337 F.3d 988, 989 (8th Cir. 2003). Pursuant to Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The "more lenient" regulations provide that a civil action must be commenced within sixty days after notice of the Appeals Council decision "is received by the individual." Bess, 337 F.3d at 989 (quoting 20 C.F.R. § 422.210(c)). They further state that the "date of receipt of…notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." Id. See also 20 C.F.R. §§ 404.981, 416.1481.

The United States Supreme Court has held that "this timely filing requirement is not jurisdictional but rather is a statute of limitations and as such will bar suit unless it is tolled." Caran v. Bowen, 834 F.2d 720, 721 (8th Cir. 1988) (citing Bowen v. City of New York, 476 U.S. 467 (1986)). It is well established that, in the absence of equitable tolling, failure to comply with the sixty-day limitation warrants dismissal. See Bess, 337 F.3d at 988; Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam).

Although Plaintiff did not explicitly request the Court to equitably toll the limitations period, he sought leave to file his complaint out of time because the untimely filing resulted from his attorney's "excusable neglect." "Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent." Turner, 862 F.2d at 710. "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise [his] rights by acting in a misleading or clandestine way." Id. (quoting Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988). Principles of equitable tolling do not extend to cases involving an attorney's "garden variety" excusable neglect. See Harris v. Chater, 68 F.3d 478 (8th Cir. 1995) (unpublished) (denying equitable tolling where claimant's attorney misread the unclear date stamp on the Appeals Council's letter). See also Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96 (1990) (tolling allowed where party was tricked or deceived by adversary's conduct, or where filing was timely but defective, but not where late filing resulted from attorney's "garden variety" excusable neglect).

Upon review, the Court finds that Plaintiff failed to demonstrate circumstances that justify equitable tolling. Because "garden variety" excusable neglect by an attorney does not constitute the extraordinary circumstances necessary to equitably toll the statute of limitations, tolling is not appropriate here.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time to file complaint out of time (ECF No. 14) is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of December, 2016